(No. 00049—Claimant )

MARY LOUISE MC COY, as wife and designated beneficiary of Kenneth Mc Coy, deceased, Claimant, vs. STATE of ILLINOIS, Respondent.

*Opinion filed January 8, 1974.*

MARY LOUISE MC COY, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, and VINCENT BISKUPIC, Special Assistant Attorney, for Respondent.

PER CURIAM.

This action is brought by MARY LOUISE MC COY, as widow and designated beneficiary of KENNETH MC COY, deceased, pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," [hereafter, "the Act"] *Ch. 48, Sec. 281, et. seq., Ill.Rev.Stat., 1971.*

The court has carefully considered the application for benefits submitted on the form prescribed and fur-

nished by the Attorney General; a written statement of the decedent's supervising officer; testimony of the witnesses at the hearing held November 12, 1973, and the documents admitted in evidence at said hearing; and a report by the Illinois Attorney General's office which substantiates matters set forth in the application as testified to at the aforesaid hearing. Based upon said testimony, documents, and other evidence, the court finds as follows:

1. That the claimant, MARY LOUISE MC COY, is the wife of the decedent and is the beneficiary who was designated by him as stated in her application for benefits.

2. That the decedent, KENNETH MC COY, was a policeman employed by the East St. Louis Police Department and engaged in the active performance of his duties, within the meaning of Section 2(c) of the Act, on June 7, 1973.

3. That on the afternoon of Thursday, June 7, 1973, Detective Mc Coy was at his home, on vacation. He was called and requested to report for duty that evening by fellow officer William Stannis. Detective Stannis had been informed that a robbery was to be attempted that evening of one Henry Roewe, an East St. Louis tavern owner and resident. Detective Mc Coy responded, in plain clothes, with his 45 automatic weapon and a shotgun. In his ordinary assignments, Detective Mc Coy was not required to wear a uniform; the 45 automatic, while owned by him, (as in the case of most East St. Louis policemen), was the service weapon he was authorized to carry upon his assignments; and the shotgun was also owned by him. Detective Stannis also sought assistance from the Illinois State Police, District 11, Corporal Delaney and Trooper Johnson. Informants having recited

that the robbery attempt of Mr. Roewe would be at his tavern or at his home, Detective Mc Coy and Corporal Delaney "staked out," waited, at Roewe's tavern, beginning at approximately 7:00 p.m. Detective Stannis and Trooper Johnson waited at the Roewe residence, approximately one-and-half miles away, 3032 Waverly Avenue, East St. Louis, Illinois. Radio communication between the men and sites was maintained. As the suspects approached the tavern, they were frightened away when informed by black children playing in the area that two white men were in the alley near the tavern. This was at approximately 9:00 p.m. Shortly thereafter, the informants, separated from the suspects, and contacted Detective Mc Coy, relating that an attempt would be made at the Roewe residence. There were two informants and three suspects; the informants stated that they had given an excuse to separate from the suspects, stating they were to pick up additional weapons, the suspects having, apparently, only one gun. Detective Mc Coy and Corporal Delaney traveled to the Roewe home, and the four officers took positions in and about the house. Detective Mc Coy, raised the hood of Roewe's car, in the driveway, put on a coat and hat and appeared to be working on the vehicle. At approximately 9:35 p.m., Trooper Johnson relates that the five men were observed across the street from the Roewe home. Trooper Johnson was in a darkened doorway, approximately 20 feet from Detective Mc Coy; he warned Detective Mc Coy, in a low voice, "Here they come Kenny, come inside, come inside." One of the suspects separated from the group and came towards the home, Trooper Johnson stepping back into the doorway, when he heard a warning whistle from Detective Stannis, the pre-arranged signal that the robbery was beginning. Immediately thereafter, Trooper Johnson relates that the following weapon reports and exchanges

were heard—the sound of a single .22 caliber shot, three (3) louder reports from Detective Mc Coy's 45 automatic, and a shotgun blast. In the exchange between Detective Mc Coy and the first assailant, Detective Mc Coy had moved from the front of the car toward the rear. As detective Stannis rushed to get a view and stop the assailant, he mistook Detective Mc Coy for a suspect and fired the shotgun, accidentally striking Detective Mc Coy. Detective Mc Coy had given the shotgun to Detective Stannis for his use at the scene. The first suspect was killed by the shots fired from Detective Mc Coy's 45 automatic. At the time of the tragedy, it was dark. While there was a street light in front of the Roewe home, there was darkness in the area of the Roewe driveway and car, as reported by Trooper Johnson. Detective Mc Coy was pronounced dead on arrival at St. Mary's Hospital in East St. Louis, Illinois.

4. That the above facts amply support our finding that Detective McCoy was killed in the line of duty as defined in Section 2(c) of the Act.

5. That the proof submitted in support of this claim satisfies all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $10,000.00 (TEN THOUSAND DOLLARS) be awarded to MARY LOUISE MC COY, as wife and designated beneficiary of the deceased police officer, KENNETH MC COY.